UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIN KIM,

Plaintiff,

-v-

RESIDENCE INN BY MARRIOTT, LLC et al.,

Defendants.

26-CV-5846 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Min Kim brings this action against Defendants Residence Inn By Marriott, LLC, Marriott International, Inc., and Marriott Hotel Services, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of Georgia. *See* ECF No. 1 ("Complaint") ¶ 5. He alleges that Defendants Residence Inn By Marriott, LLC and Marriott Hotel Services, LLC (the "Defendant LLCs") are citizens of Delaware and Maryland. *See id.* ¶¶ 6,8. He also alleges that the constituent members of the Defendant LLCs are not citizens of Georgia. *See id.* ¶¶ 6,8.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the

citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party]."). In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Defendant LLCs.

Accordingly, it is hereby ORDERED that, on or before **July 21, 2026**, the Plaintiff shall amend his Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant LLCs as well as the citizenship of all individual parties. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: July 14, 2026
New York, New York

JESSE M. FURMAN
United States District Judge